CULPEPPER, Judge.
Plaintiff seeks damages arising out of an accident which occurred on an oil rig location. He was working as a swamper on an oil field equipment truck, which was being loaded with drill pipe. A piece of pipe *469 rolled across the rack and struck his left leg, fracturing the ankle. Defendants are the employer and the insurer of the operator of the “laydown machine”, who released the pipe which struck plaintiff. A jury awarded plaintiff $50,000. Defendants appealed. Plaintiff answered the appeal, seeking an increase in the award.
The issues on appeal are factual: (1) Was the operator of the laydown machine negligent? (2) Was plaintiff contributo-rily negligent or did he assume the risk of a known danger? (3) Is the quantum of the award excessive or inadequate ?
The evidence shows that the laydown machine is a special piece of equipment used to facilitate the removal of pipe from a well. The machine is positioned adjacent to the rig and receives lengths of pipe as they are pulled from the hole, and lays them down horizontally. The operator then trips a lever which pushes the pipe onto skids or runners, down which the pipes roll to a rack. On this particular occasion there were already two layers of seven inch casing on the rack, and 2" x 8" hoards were placed on top of the casing. The drill pipe rolled across these 2 x 8’s to the truck. Each length of drill pipe was 30 feet in length, four inches in diameter and weighed approximately 500 pounds. Plaintiff and another employee were using special tools, about four feet long, to roll the pipe from the rack up short skids onto the truck. Another worker was on top of the truck straightening the pipe.
The operator of the laydown machine testified that plaintiff and the other workers were standing on top of the pipe rack, jumping over each pipe as it rolled toward the truck. He says he warned them that this was a dangerous practice and that they should have left several pieces of pipe at the end of the rack, next to the truck, to act as a bumper. While the operation was going full speed, the pipe came down the rack at the rate of about one per minute.
As to the incident in question, the operator testified that he was only 25 or 30 feet from plaintiff and saw him standing there, as he had been doing previously. The operator released the pipe, and as it neared plaintiff he attempted to jump over it. But he missed his footing, or misjudged the speed of the pipe, and it struck him on the ankle. The laydown machine operator denied seeing or hearing any signal from plaintiff to hold the next pipe.
Plaintiff gave a different version of the accident. He testified it became necessary to fix the skids to start a new layer of pipe on top of the truck. In accordance with the procedure which they had been following, he signaled the operator of the laydown machine to hold the next pipe. The signal was given by hollering and motioning to him. Plaintiff says he then turned around with his back toward the laydown machine and started fixing the skids next to the truck. He suddenly heard the pipe rolling toward him. He turned and tried to jump, but the pipe struck him on the ankle. Plaintiff denies that he had previously been jumping the pipe, as described by the operator, or that he had been warned as to the hazard.
Plaintiff’s testimony is corroborated by Earl Ogea and Rene Vige, members of the crew, as to the procedure being following. However, no witnesses except plaintiff and the operator saw the accident.
The issue is factual and depends largely on the credibility of plaintiff and the operator of the laydown machine. It was within the province of the jury to believe the plaintiff’s version of the accident. We find no manifest error.
Under plaintiff’s version of the accident, the operator of the laydown machine was negligent and plaintiff was free of contributory negligence or assumption of the risk.
The final issue is whether the jury’s award of $50,000 is excessive or inadequate. In a previous case, Chapman v. Travelers Ins. Co., 250 So.2d 248 (La.App. 3rd Cir. 1971), plaintiff sought workmen’s *470 compensation benefits from his own employer. We found in those proceedings that plaintiff is totally and permanently disabled from working as a swamper or a truck driver handling oil field equipment.
The medical evidence in the present case shows that on the date of the injury, January 14, 1969, plaintiff was seen by Dr. Edward W. Phillips, Jr., who diagnosed fractures of both the medial malleous and the lateral malleous, with dislocation of the talus in the left ankle. The fracture required open reduction and the insertion of two screws to hold the bones in place. One of the screws was later removed. Plaintiff was in the hospital initially about one week and then was released with a leg cast which he wore for about two months. By June 4, 1969, plaintiff returned to light duty but the ankle continued to swell and cause pain after prolonged use. The expert medical testimony shows that plaintiff will have a 25% partial permanent disability of the left ankle, due to loss of motion and swelling and pain on long use. There is a likelihood of traumatic arthritis developing and, of course, there is the usual scar tissue resulting from the torn ligaments in the area.
Plaintiff tried to work driving trucks for various concerns but was unable to hold a job hauling oil field equipment because of the strenuous labor involved. After about a year, he started working on a farm driving a tractor, which is lighter work.
Plaintiff’s income tax returns for the years 1967 and 1968 show he earned about $7,000 per year working as a swamper or driver on oil field equipment trucks. In his present employment, driving a farm tractor, he earns $50 a week ($2600 per year) and is furnished a home. Plaintiff was 32 years of age at the time of the accident. Under these facts, his loss of income is substantial.
Under the circumstances, we are unable to say that the jury abused its large discretion as to the quantum of the award.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.